IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE D. TAYLOR § | | |
| (TDCJ No. 2086152), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:19-cv-1890-N-BN |
| § | | |
| WAYNE D. LACY, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Jesse D. Taylor, a Texas prisoner, filed a *pro se* petition for writ of mandamus under 28 U.S.C. § 1361 directed at the attorney who represented him in a state criminal proceeding in Dallas County. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the petition.

In 2016, Taylor was convicted of indecency with a child sexual contact and sentenced to 10 years of imprisonment. *See State v. Taylor*, No. F15-30597-I (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. Aug. 23, 2016). More recently, the Texas Court of Criminal Appeals denied his state habeas petition without written order. *See Ex parte Taylor*, WR-89,423-01 (Tex. Crim. App. Jan. 30, 2019). Attorney Wayne Lacy

represented Taylor in the underlying criminal proceeding. And, through this mandamus action, Taylor requests that the Court order Lacy to produce to Taylor his client file from that proceeding. *See generally* Dkt. No. 3; *see, e.g., id.* at 15-18 (Lacy's response to a related State Bar grievance filed by Taylor, explaining that, "[s]ince the disposition of this case, Mr. Taylor has sought from me copies of the material prohibited by [Texas Code of Criminal Procedure] Section 39.14, such as CPS records and witness statements").

The federal mandamus statute, 28 U.S.C. § 1361, provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

But "[t]he plain language of this statute limits the mandamus authority of the federal courts to actions involving federal agencies, officers, or employees. Courts lack the general power to issue writs of mandamus against private individuals." *Maldonado v. Holden*, No. 3:10-cv-1025-L, 2010 WL 2891081, at *1 (N.D. Tex. June 25, 2010) (citations omitted), *rec. accepted*, 2010 WL 2891079 (N.D. Tex. July 20, 2010). The

Court therefore lacks the power to grant the relief that Taylor seeks.

And, because "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal,' ... the nature of the underlying action [determines] the applicability of" provisions such as the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (quoting *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997)); *see, e.g., In re Jacobs*, 213 F.3d 289, 289 (5th Cir. 2000) (per curiam) ("The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. [If] the underlying action [ ] is a civil case, the PLRA fee requirements apply." (citations omitted)).

The action underlying Taylor's writ is a state criminal proceeding – and he requests that the Court compel the disclosure of records related to that proceeding, not initiate new or separate proceedings – so this action should not be classified as a civil action subject to the PLRA. *See, e.g., Banks v. Hornak*, 698 F. App'x 731, 738 (4th Cir. 2017) ("[P]etitions filed in underlying *civil* proceedings are "civil actions" but those filed in underlying *criminal* proceedings are not." (citing *Stone*, 118 F.3d at 1034 & n.2; citations omitted; emphasis in original)).

**Recommendation**

This action should be summarily dismissed for the reasons explained above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE